Sundiata Manani OBA, Plaintiff,

v.

Glen GOORD, et. al., Defendants.

No. 97–CV–6022.

United States District Court, W.D. New York.

May 5, 1998.

Sundiata Manani Oba, Alden, NY, pro se.

New York State Attorney General's Office, Rochester, NY, for defendants.

DECISION AND ORDER

SIRAGUSA, District Judge.

Plaintiff, an inmate at the Attica Correctional Facility, filed a complaint with this court on January 21, 1997, seeking relief

under 42 U.S.Code § 1983. By an order dated August 27, 1997, his complaint against defendant Glen Goord was dismissed, his motion to proceed in forma pauperis was granted, and his motion for a temporary restraining order was dismissed as moot. By an order dated December 17, 1997, this case was transferred from the Honorable Michael A. Telesca to me.

On December 3, 1997, Plaintiff filed a motion for a preliminary injunction and temporary restraining order. The allegations in his motion concern an alleged removal of pro se legal material from his cell on November 11, 1997, and denial of adequate food. All of the alleged violations were committed by staff at the Attica Correctional Facility. Since filing his December 3, 1997, motion, Plaintiff has filed affidavits regarding the inadequacy of food, clothing, bed linens and ventilation in his cell at Attica.

Plaintiff has not filed any complaint with this court against officials at Attica Correctional Facility. Plaintiff's original complaint lists five defendants, each of whom holds a position with the Elmira correctional facility and none is named in the Plaintiff's December 3, 1997, motion for a preliminary injunction and temporary restraining order. That motion mentions only "Attica Correctional Facility Supervisory Officials." Plaintiff has filed twenty-nine affidavits to date all alleging violations of his rights by officials of the Attica Correctional Facility.

A civil action is commenced by the filing of a complaint with the court. Fed. R.Civ.P. 3. Without the prerequisite of a filed complaint, this court is without jurisdiction to entertain any motions for preliminary relief. See *Williams v. State University of New York*, 635 F.Supp. 1243, 1246 (E.D.N.Y. 1986); *Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198 (2nd Cir.1985). Furthermore, even if the court did have jurisdiction, there is no showing in the defendant's December 3, 1997, motion that any of "Attica Correctional Facility Supervisory Officials" has been given notice as required by Fed.R.Civ.P. 65(a)(1). Therefore, it is hereby

ORDERED, that the Plaintiff's December 3, 1997, motion for a preliminary injunction and temporary restraining order is denied for lack of jurisdiction in this court, and it is further

ORDERED, that the Clerk of the court remove all affidavits concerning allegations of violations of Plaintiff's rights at the Attica Correctional Facility from the file of this action, 97–CV–6022. Specifically, the clerk is ordered to remove and return to the Plaintiff the affidavits filed December 11, 1997 (document # 16), December 16, 1997 (document # 19), December 29, 1997 (document # 20), December 31, 1997 (document # 21), January 2, 1998 (document # 22), and all affidavits received, but not necessarily filed, specifically, those dated November 18, 20, and 26, 1997; December 2, 15, 17, 19, and 20, 1997. All affidavits so removed will be ordered to be returned to the plaintiff, and it is further

ORDERED, that the Clerk of the court not accept further filings in this case unless by leave of the Court.

Since the original first defendant, Glenn Goord, has been removed from this case by an order of the Honorable Michael A. Telesca (filed on August 29, 1997), the Clerk of the court is hereby ordered to revise the caption of the case to remove the first defendant Glenn Goord and substitute the next defendant's name in the caption.

So ordered.